UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNNIE RAYMOND,
on his own behalf and on behalf
of those similarly situated,

    Plaintiffs

vs.
                                        Case No.

KLAUSNER LUMBER ONE LLC,
KLAUSNER LUMBER TWO LLC
KLAUSNER HOLDING USA, INC.,
LEOPOLD STEPHAN,
and CHRISTOPH SCHAETZ,

    Defendants.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JOHNNIE RAYMOND, on his own behalf and on behalf of those similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, hereby sues Defendants Klausner Lumber One LLC, Klausner Lumber Two LLC, Klausner Holding USA, Inc. (collectively "Klausner"), Leopold Stephan and Christoph Schaetz (collectively "Individual Defendants") and allege as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101, *et. seq.* ("WARN Act"), the Florida Constitution, Art. X, Sec. 24, and for unpaid wages.

2. Pursuant to the FLSA and the Art. X, Sec. 24 of the Florida Constitution, Plaintiffs, on their own behalf and on behalf of all others similarly situated, seek minimum

wages, overtime compensation, liquidated damages, post-judgment interest and attorneys' fees and costs from Klausner and Individual Defendants.

3. Klausner is liable under the WARN Act for the failure to provide the Plaintiffs and all others similarly situated at least 60 days' advance notice of their termination, as required by the WARN Act.

4. Klausner is liable for unpaid wages for failing to pay wages due to Plaintiffs and all others similarly situated.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

6. Venue is proper in the Court because all facts material to all claims set forth herein occurred in Suwannee County, Florida.

## PARTIES

7. At all times material to this action, Defendant Klausner Lumber One LLC was a Delaware limited liability company, authorized to conduct business in Florida, with its principal place of business at 17152 46th Trace, Live Oak, FL, 32060.

8. At all times material to this action, Defendant Klausner Lumber Two LLC was a Delaware limited liability company, authorized to conduct business in Florida, with its principal place of business at 260 Piper Lane, Enfield, NC 27823.

9. At all times material to this action, Defendant Klausner Holding USA, Inc. was a Georgia corporation, authorized to conduct business in Florida, with its principal place of business at 17152 46th Trace, Live Oak, FL, 32060.

10. At all times material to this action, Defendants Klausner Holding USA, Inc., Klausner Lumber One LLC and Klausner Lumber Two LLC operated as a joint employer

and/or an integrated enterprise with respect to the Plaintiffs and all others similarly situated

11. At all times material to this action, Defendant Leopold Stephan was the Chief Executive Officer of Klausner Holding USA, Inc. and Klausner Lumber One LLC.

12. At all times material to this action, Defendant Christoph Schaetz was the Chief Financial Officer of Klausner Holding USA, Inc. and Klausner Lumber One LLC.

13. At all times material to this action, Plaintiffs were employees of Klausner and Klausner was the employer of Plaintiffs for purposes of the FLSA, WARN Act, Florida Constitution, and all other relevant statues. Plaintiffs were employees of Klausner and Individual Defendants and Klausner and Individual Defendants were the employer of Plaintiffs pursuant to the terms of the FLSA and Florida Constitution.

## **GENERAL ALLEGATIONS**

14. Klausner is a company that owns and, until March 16, 2020, operated lumber mills in Live Oak, Florida and Enfield, North Carolina ("Facilities").

15. Plaintiffs were employed at the Facilities by Klausner.

16. Individual Defendants were the corporate officers and senior management of Klausner.

17. Individual Defendants acted directly or indirectly in the interests of Klausner in relation to Plaintiffs.

18. Individual Defendants had operational control of Klausner.

19. On or about March 16, 2020, Klausner permanently shut down operations without prior notice to its employees. Prior to March 16, 2020, Klausner evacuated its foreign management team to Austria, with knowledge that the Facilities would be closed.

3

20. On or about March 16, 2020, Plaintiffs and all others similarly situated were informed that the Facilities were shut down and that on March 20, 2020 (the next payday) they would receive their complete wages for the past two weeks, as well as for the full week of March 16, 2020. Instead, Plaintiffs and all others similarly situated did not receive any pay on March 20, 2020, as promised, or at any time thereafter.

21. Plaintiffs have retained the services of the undersigned attorneys and are obligated to pay the undersigned a reasonable fee for their services.

22. Plaintiffs demand a trial by jury on all claims alleged herein.

## **CLASS ACTION ALLEGATIONS**

23. Plaintiffs sue under Rule 23(a) and (b) of the Federal Rules of Civil Procedure for violations of the WARN Act, the Florida Constitution, and for unpaid wages on behalf of themselves, and a class of employees who worked at or reported to the Klausner's Facilities and were laid off without cause by Klausner as part or as the reasonably foreseeable result of plant shutdowns or mass layoffs ordered by Klausner at the Facilities (the "Class") on or about March 16, 2020 and were not paid the constitutionally guaranteed minimum wage from approximately February 24, 2020 through the time of the layoff or the wages that were due pursuant to employment agreements.

24. The persons in the Class ("Class Members") are so numerous that joinder of all members is impracticable as there are approximately 500 potential class members.

25. There are questions of law and fact common to the Class Members, namely:

(a) Whether the Class Members were employees of Klausner who worked at or reported to Klausner's Facilities;

(b) Whether Klausner ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act;

(c) Whether Klausner was subject to any of the defenses provided for in the WARN Act;

(d) Whether Klausner and the Individual Defendants failed pay the minimum wage required; and

(e) Whether Klausner failed to pay the wages that were due pursuant to employment agreements.

26. The claims of the representative parties are typical of the claims of the Class, as they were laid off as part of the plant shutdown or mass layoff, did not receive the requisite notice, were not paid the minimum wage from approximately February 24, 2020 through their layoff, and were not paid wages due.

27. The representative parties will fairly and adequately protect the interests of the class.

28. The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act and wage litigation – where the individual Plaintiffs and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant and separate actions would create a risk of inconsistent or varying adjudications with respect to individual class members and the adjudications with respect to individual class

members would be dispositive of the interests of other members.

30. Klausner and Individual Defendants acted on grounds that apply generally to the class.

31. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Members were employees of Klausner who worked at or reported to Klausner's Facilities;

(b) Whether Klausner ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act;

(c) Whether Klausner was subject to any of the defenses provided for in the WARN Act;

(d) Whether Klausner and Individual Defendants failed pay the required minimum wage and overtime; and

(e) Whether Klausner failed to pay the wages that were due pursuant to employment agreements.

## **UNPAID WAGES, MINIMUM WAGE, & OVERTIME ALLEGATIONS**

32. The FLSA and Art. X, Sec. 24 of the Florida Constitution creates private rights of action against any "employer" who violates its minimum-wage or overtime provisions.

33. The FLSA and Art. X, Sec. 24 of the Florida Constitution defines the term

"employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"

34. Corporate officers with operational control of a corporation's covered enterprise are employers along with the corporation, jointly and severally liable for unpaid wages and overtime.

35. Klausner had at least two employees.

36. Klausner did at least $500,000 in gross annual revenue.

37. Plaintiffs were engaged in interstate commerce or in the production of goods for commerce.

38. During the relevant workweeks, Plaintiffs did not satisfy the requirements for any of the exemptions set forth in the FLSA and Art. X, Sec. 24 of the Florida Constitution because they were not actually paid on a salary basis for all hours worked.

39. Plaintiffs worked for Klausner and Individual Defendants and were not paid from approximately February 24, 2020 through the date of the layoffs and did not receive at least the minimum wage for all hours worked.

40. Plaintiffs worked in excess of forty (40) hours in a workweek while employed by Klausner and Individual Defendants.

41. Despite working in excess of forty (40) hours in a workweek, Plaintiffs did not receive overtime payments at a rate not less than one and one-half (1 and 1/2) times their regular rate for such overtime hours.

42. All administrative notice requirements and prerequisites have been satisfied.

## WARN ACT ALLEGATIONS

43. Plaintiffs and other similarly situated employees were laid off as part of plant shutdowns or mass layoffs as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

44. At all relevant times, Klausner employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act, and employed more than 50 employees at the Facilities.

45. At all relevant times, Klausner was an "employer" of the Class Members as that term is defined by the WARN Act.

46. On or about March 16, 2020, Klausner ordered "plant shutdowns" or "mass layoffs" as that term is defined by the WARN Act.

47. Klausner's actions at the Facilities resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

48. Klausner's termination of the Class Members' employment constituted plant shutdowns or mass layoffs as defined by the WARN Act.

49. The Plaintiffs and each of the Class Members who were employed by Klausner and then terminated by Klausner as a result of Klausner's executing plant

shutdowns or mass layoffs at the Facilities were "affected employees" as defined by the WARN Act.

50. The Plaintiffs and each of the Class Members are "aggrieved employees" of Klausner as that term is defined by the WARN Act.

51. Pursuant to the WARN Act, Klausner was required to provide at least 60 days prior written notice of the layoff, or notice as soon as practicable, to the affected employees, or their representative, explaining why the sixty (60) days prior notice was not given.

52. Klausner failed to give at least sixty (60) days prior notice of the layoff in violation of the WARN Act.

53. Klausner failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective layoffs ,and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

54. As a result of Klausner's failure to pay the wages, benefits and other monies as asserted, the Plaintiffs and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the their terminations.

55. All administrative notice requirements and prerequisites have been satisfied.

## COUNT I
## VIOLATIONS OF THE MINIMMUM WAGE REQUIREMENTS
## OF THE FLSA AS TO PLAINTIFFS AGAINST ALL DEFENDANTS

56. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 55 as if fully stated herein.

57. Defendants' failure to provide Plaintiffs minimum wage compensation constitutes a violation of the FLSA.

58. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

a) a judgment that Defendants violated 29 U.S.C § 206 of the Fair Labor Standards Act;

b) damages for the amount of unpaid minimum wage compensation owed to Plaintiffs;

c) liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the compensation owed to Plaintiffs;

d) post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

e) any other additional relief as the Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE OVERTIME REQUIREMENTS
## OF THE FLSA AS TO PLAINTIFFS AGAINST ALL DEFENDANTS

59. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs

1 through 55 as if fully stated herein.

60. Defendants' failure to provide Plaintiffs overtime compensation at time and

one half their regular rates constitutes a violation of the FLSA.

61.     Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

a)  a judgment that Defendants violated 29 U.S.C. § 207 of the Fair Labor Standards Act;

b)  damages for the amount of unpaid overtime compensation owed to Plaintiffs;

c)  liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to Plaintiffs;

d)  post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

e)  any other additional relief as the Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA
## AS TO THOSE SIMILARLY SITUATED AGAINST ALL DEFENDANTS

62.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 55 as if fully stated herein.

63.     Defendants' failure to provide those similarly situated to Plaintiffs minimum wage compensation constitutes a violation of the FLSA.

64.     Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

a)  judgment that Defendants violated 29 U.S.C. § 206 of the Fair Labor Standards Act;

b)  damages for the amount of unpaid minimum wage compensation owed to Plaintiffs;

(c) liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the compensation owed to Plaintiffs;

d) post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

e) any other additional relief as the Court deems just and proper.

## COUNT IV
### VIOLATIONS OF THE OVERTIME REQUIREMENTS OF THE FLSAAS TO THOSE SIMILARLY SITUATED AGAINST ALL DEFENDANTS

65. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 55 as if fully stated herein.

66. Defendants' failure to provide those similarly situated to Plaintiffs at time and one half their regular rates constitutes a violation of the FLSA.

67. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

a) a judgment that Defendants violated 29 U.S.C. § 207 of the Fair Labor Standards Act;

b) damages for the amount of unpaid overtime compensation owed to Plaintiffs;

c) liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to Plaintiffs;

d) post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

e) any other additional relief as the Court deems just and proper.

## COUNT V
### VIOLATIONS OF THE WARN ACT AGAINST KLAUSNER

68. Plaintiffs hereby incorporate by reference the allegations contained in

paragraphs 1 through 55 as if fully stated herein.

69. Klausner's failure to provide Plaintiffs advanced written notice of their layoffs constitutes a violation of the WARN Act.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

(a) An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C §2104(a)(1)(A);

(b) Certification that, pursuant to Fed.R.Civ.P. 23(a) and (b) and the WARN Act, Plaintiffs and the Other Similarly Situated Former Employees constitute a single class;

(c) Designation of Plaintiff Raymond as Class Representative;

(d) Appointment of the undersigned attorneys as Class Counsel;

(e) Interest as allowed by law on the amounts owed under the preceding paragraphs;

(f) The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act; and

(g) Such other and further relief as this Court may deem just and proper.

**COUNT VI**
**MINIMUM WAGE PURSUANT TO THE FLORIDA**
**CONSTITUTION AGAINST ALL DEFENDANTS**

70. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 55 as if fully stated herein.

71. Plaintiffs, and all others similarly situated, did not receive payments at a rate at least equal to the minimum wage for all hours worked as required by the Florida Constitution. WHEREFORE, Plaintiffs, and all others similarly situated, respectfully pray that the Court award the following relief:

a) a judgment that Defendants violated Art. X, Sec. 24 of the Florida Constitution;

b) damages for the amount of unpaid overtime compensation owed to Plaintiffs;

c) liquidated damages in an amount equal to the overtime compensation owed to Plaintiffs;

d) post-judgment interest, reasonable attorneys' fees and costs pursuant to Art. X, Sec. 24 of the Florida Constitution; and

e) any other additional relief as the Court deems just and proper.

## COUNT VII
## UNPAID WAGES AGAINST KLAUSNER

72. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 55 as if fully stated herein.

73. Plaintiffs, and all others similarly situated, did not receive wages despite an agreement with Klausner to receive wages for all hours worked.

WHEREFORE, Plaintiffs, and all others similarly situated, respectfully pray that the Court award the following relief:

a) a judgment that Klausner breached their employment agreements by failing to pay wages due;

b) damages for the amount of unpaid compensation owed to Plaintiffs and all other similarly situated;

c) post-judgment interest, reasonable attorneys' fees and costs pursuant to

14

section 448.08, Florida Statues and

    d) any other additional relief as the Court deems just and proper.

<b><u>DEMAND FOR JURY TRIAL</u></b>

Plaintiffs further demand a jury trial on all issues so triable as of right.

Dated: March 21, 2020

                                          Respectfully submitted,

                                          <u>/s/ Jay P. Lechner</u>
                                          Jay P. Lechner, Esq.
                                          Florida Bar No.: 0504351
                                          **LECHNER LAW**
                                          Jay P. Lechner, P.A.
                                          Fifth Third Center
                                          201 E. Kennedy Blvd., Suite 412
                                          Tampa, Florida 33602
                                          Telephone: (813) 842-7071
                                          Facsimile: (813) 225-1392
                                          jplechn@jaylechner.com
                                          shelley@jaylechner.com
                                          *Attorneys for Plaintiff*